JOSEPH RAVESE, INDIVIDUALLY AND AS ADMINISTRA-
TOR AD PROSEQUENDUM, PLAINTIFF, v. AUGUST W.
HOCK ET AL., DEFENDANTS.

Argued January 17, 1928—Decided June 21, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and
LLOYD.

For the plaintiff, *Wright, Vander Burgh & McCarthy.*

For the defendants, *Hobart & Minard.*

PER CURIAM.

This suit was brought to recover damages under the Death
act. The plaintiff's intestate was killed about three o'clock
on the afternoon of May 27th, 1926, while crossing Park ave-
nue in the town of North Bergen, Hudson county, New
Jersey, by being struck by an automobile owned by the de-
fendant Howard F. Hock and operated by the defendant
August W. Hock. The trial resulted in a verdict in favor of
the plaintiff of $5,000 and against the defendant August W.
Hock. The defendant obtained a rule to show cause why the
verdict should not be set aside, and he writes down sixteen
reasons in support of the rule.

On the point of negligence and contributory negligence of
the plaintiff's intestate the case of *Thornton* v. *Cater, 94 N.
J. L.* 435, is in point. These were jury questions. So, we
think the verdict is not against the weight of the evidence
on the defendants' negligence or on the issue of the contribu-
tory negligence of the decedent. We think there was no error

in the refusal to charge certain requests on behalf of the defendant.

The charge on the question of damages was accurate and ample in the absence of more specific written requests. The damages are not excessive in view of the testimony in the record.

We find no sufficient reason for disturbing the verdict. The rule to show cause is discharged.